IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAMERON NORMAN<br>352 Elm Avenue<br>Maple Shade, NJ 08052<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOVEREIGN DISTRIBUTORS, INC.,<br>d/b/a AVALON FLOORING<br>2030 Springdale Road<br>Cherry Hill, NJ 08003<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Kameron Norman (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against sovereign Distributors, Inc. (*hereinafter* "Defendant," unless indicated otherwise) for violations of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000(e), *et. seq.*), the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 and the New Jersey Law Against Discrimination ("NJ LAD" – N.J.S.A. §§ 10:5-1 et. *seq.*). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.     This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where they are subjected to personal jurisdiction, rendering Defendant resident of the District of New Jersey.

## PARTIES

5.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.     Plaintiff is an adult individual residing at the above-captioned address.

7.     Defendant is a business headquartered and incorporated in New Jersey, and it engages primarily in the sale and distribution of flooring products for residential and commercial businesses.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is a black (African-American) male.

11. Plaintiff was hired and worked for Defendant from in or about August of 2015 through in or about February of 2016 (a period of approximately 6 months).

12. The setting within which Plaintiff worked was that of a warehouse where he performed predominantly labor-related work.

13. Plaintiff was hired in as and worked in the job title of Freight Associate and/or Warehouse Associate.

14. Plaintiff worked for Defendant performing a predominantly labor-related role, which included but was not limited to, operating a forklift, lifting, loading, unloading, and other manual tasks.

15. Plaintiff primarily worked on Defendant's overnight shift. Among other management, Plaintiff was supervised by one John Scott (a supervisory employee).

16. Employees such as "John" (a non-supervisory coworker), "Joe" (a non-supervisory coworker) and others made periodic racially discriminatory comments (i.e. jokes about Black's Lives Matter, jokes about basketball, and other offensive comments that were specific towards black people). Despite expressing concerns, management did not resolve any problems with mistreatment by coworkers (also despite other black staff complaining).

3

17. Moreover, management of Defendant also regularly treated black employees poorly, and they hired statistically less blacks, were condescending towards black employees, and were overly harsh with black employees regularly scrutinizing whether they were working or working hard enough while non-black employees goofed off or literally tossed a football without such scrutiny.

18. Plaintiff was ultimately told in early February of 2016 that he was terminated for attendance, but:

> (A) Plaintiff missed less time than other non-black employees who were not terminated;
>
> (B) Plaintiff informed Defendant's management that he only required time off for medical treatment, as he suffered from asthma;
>
> (C) Defendant's management was already aware Plaintiff had serious asthma problems as he sought hospital treatment due to complications at work previously; and
>
> (D) Plaintiff was not permitted to return to work or to be reinstated despite providing medical documentation supporting his very limited absences for his known disability.

19. Plaintiff has suffered from asthma since being a child, and he has such serious attacks at times that require medical attention, hospitalization or he can become unconscious. This is a permanent and long-term disability affecting Plaintiff's breathing, circulatory system and other life activities.

20. Plaintiff's termination from Defendant was retaliatory and discriminatory (as well as constituting a denial of a reasonable accommodation).

4

## Count I
## Violations of 42 U.S.C. § 1981
### (Race Discrimination & Retaliation & Hostile Work Environment)

21. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

22. Plaintiff was subjected to severe and pervasive mistreatment on account of his race through discriminatory comments, gestures, jokes, demeaning treatment, inferior assignments, and unjust scrutiny.

23. Plaintiff was also terminated because of his race and/or complaints of discrimination (wherein he was also a witness to other concerns having been expressed by other staff).

24. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under the 42 U.S.C. §1981.

## Count II
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Race Discrimination & Retaliation & Hostile Work Environment)

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. Plaintiff was subjected to severe and pervasive mistreatment on account of his race through discriminatory comments, gestures, jokes, demeaning treatment, inferior assignments, and unjust scrutiny.

27. Plaintiff was also terminated because of his race and/or complaints of discrimination (wherein he was also a witness to other concerns having been expressed by other staff).

5

28. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Title VII.

## Count III
### Violations the Americans with Disabilities Act ("ADA")
### (Disability Discrimination, Retaliation & Failure to Accommodate)

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff properly exhausted his administrative remedies before the Equal Employment Opportunity Commission ("EEOC") by timely filing a Charge and by filing the instant lawsuit within 90 days of receipt of a notice of case closure.

31. Plaintiff was terminated because of his disabilities or perceived disabilities, because he requested an accommodation (which is unlawful retaliation), and he was not given a very minor accommodation of limited medical absenteeism, which constitutes a denial of accommodation.

32. These actions as aforesaid constitute violations of the ADA.

## Count IV
### Violations of the New Jersey Law against Discrimination ("NJ LAD")
### (Race Discrimination & Retaliation & Hostile Work Environment)

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was subjected to severe and pervasive mistreatment on account of his race through discriminatory comments, gestures, jokes, demeaning treatment, inferior assignments, and unjust scrutiny.

35. Plaintiff was also terminated because of his race and/or complaints of discrimination (wherein he was also a witness to other concerns having been expressed by other staff).

36. These actions as aforesaid constitute violations of the NJ LAD.

## Count VI
### Violations of New Jersey Law Against Discrimination ("NJ LAD")
### (Disability Discrimination, Retaliation & Failure to Accommodate)

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Plaintiff was terminated because of his disabilities or perceived disabilities, because he requested an accommodation (which is unlawful retaliation), and he was not given a very minor accommodation of limited medical absenteeism, which constitutes a denial of accommodation.

39. These actions as aforesaid constitute unlawful retaliation under the NJ LAD

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 25, 2017